IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM J. ROBINSON,**

                **Petitioner,**

        v.                                        CASE NO. 09-3135-JTM

**DAVID McKUNE,**

                **Respondent.**

MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 by a prisoner in state custody. Petitioner proceeds pro se in this action.

**Background**

On February 17, 2005, petitioner entered a plea of no contest in the District Court of Reno County, Kansas, to combined state cases charging: two counts of possession of methamphetamine in violation of K.S.A. §§ 65-4160 and 65-4160(a); two counts of possession of ephedrine or pseudoephedrine with the intent to manufacture a controlled substance in violation of K.S.A. § 65-7006; criminal possession of a weapon, in violation of K.S.A. § 21-2404(a)(4); manufacture of methamphetamine in violation of K.S.A. §65-4159; and possession of drug paraphernalia with the intent to manufacture a controlled substance in violation of K.S.A. § 65-4152(a)(3). He was sentenced to 118 months in prison.

Petitioner appealed, alleging: (1) the district court erred in denying his request for a dispositional departure and imposing consecutive sentences; (2) the sentences were imposed as a result of prejudice or corruption in the court; and (3) the use of his prior convictions to enhance the sentence imposed was contrary to the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The Kansas Court of Appeals dismissed the claim challenging the denial of a departure sentence and affirmed the state district court on the remaining issues. *State v. Robinson*, 129 P.3d 663, 2006 WL 538629 (Kan. Ct. App. Mar. 3, 2006)(unpublished opinion).

In February 2007, petitioner filed an action for state post-conviction relief pursuant to K.S.A. § 60-1507. The district court denied relief, and petitioner appealed, alleging the district court erred: (1) in denying his claim of ineffective assistance of counsel; (2) in making no findings of fact or conclusions of law; and (3) in holding he received effective assistance of counsel. He also claimed his post-conviction counsel provided ineffective assistance. The Kansas Court of Appeals denied relief. *Robinson v. State*, 197 P.3d 905, 2008 WL 5428178 (Kan. Ct. App. Dec. 24, 2008)(unpublished opinion). The Kansas Supreme Court denied review, and petitioner commenced this action on June 26, 2009.

In examining petitioner's claims, this court has considered the following statement of facts found by the Kansas Court of Appeals:

> From two criminal cases that were consolidated, the State charged William J. Robinson with seven drug-related counts. A jury trial commenced, but prior to its conclusion, Robinson decided to enter into a plea agreement. In his plea agreement, Robinson agreed to

plead nolo contendere to all seven counts in exchange for the State's recommendation at sentencing that two of those counts run consecutive to each other, while the other counts run concurrent, for a total sentence of 70 months' imprisonment. Sam S. Kepfield, Robinson's trial attorney, certified that he fully explained to Robinson the contents of this plea agreement. A plea hearing was conducted in which Robinson verified that Kepfield had fully discussed with him the contents of the plea agreement and his charges. Robinson also expressed his satisfaction with Kepfield's services and representation. The transcript further reveals that Kepfield explained to Robinson the possible sentences he could be given if found guilty of all counts and that the district court advised Robinson that it was not bound by their plea agreement. From these assertions and others, the district court accepted Robinson's plea of nolo contendere as being "voluntarily, knowingly, understandingly, and intelligently" made.

However, at Robinson's sentencing hearing, the court declined to accept the parties' recommendations in the plea agreement. Instead, the sentencing court ordered the sentences of all seven counts to run consecutive to each other, resulting in a total of 126 months' imprisonment. The sentencing court then reduced Robinson's controlling sentence to 118 months because the consecutive sentences constituted twice the base sentence. *Robinson v. State*, 197 P.3d 905, 2008 WL 5428178 at *1.

**Discussion**

**Standard of review**

This matter is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, when a state court has adjudicated a claim, the federal habeas court may grant relief only if it determines the state court decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 402 (2000);

3

*Neill v. Gibson,* 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may determine only whether the state court applied federal law in an objectively reasonable manner. *See Bell v. Cone,* 535 U.S. 685, 699 (2002). The federal habeas court will presume the factual findings of a state court are correct unless they are rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**The claims**

Petitioner alleges his trial counsel provided ineffective assistance by failing to move for the suppression of evidence, in failing to obtain a copy of the preliminary hearing transcripts, and in failing to subpoena Christina Griffin as a trial witness. He also alleges his post-conviction counsel provided ineffective assistance.

**Ineffective assistance of counsel**

A claim of ineffective assistance of counsel is evaluated under the standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). To obtain relief in habeas corpus, a petitioner must establish both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *See Strickland,* 466 U.S. at 687, 688, 694; *Le v. Mullin,* 311 F.3d 1002, 1024-25 (10th Cir. 2002), *cert. denied,* 540 U.S. 833 (2003). The habeas court "may address the performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient

showing for one." *See Cooks v. Ward,* 165 F.3d 1283, 1292-93 (10th Cir. 1998), *cert. denied,* 528 U.S. 834 (1999). A claim of ineffective counsel presents a mixed question of law and fact and is subject to the AEDPA's "unreasonable application of clearly established Federal Law" standard. *Cook v. McKune*, 323 F.3d 825, 832 (10th Cir. 2003); *see e.g., Williamson v. Ward,* 110 F.3d 1508, 1513 (10th Cir. 1997).

"[T]he [*Strickland*] test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). In this context, the first prong of the *Strickland* test is "nothing more than a restatement of the standard of attorney competence." *Hill,* 474 U.S. at 58-59. The habeas court applies "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance". *Strickland,* 466 U.S. at 689. "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Id*. To satisfy the prejudice prong, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 58-59).

Finally, under Supreme Court case law, a criminal defendant who waives trial by entering a plea assumes "the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts." *McMann v. Richardson,* 397 U.S.

5

759, 770 (1970). Likewise, the Supreme Court has stated that even where an attorney erred, "[i]t will generally be appropriate for a reviewing court to assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that counsel rendered reasonable professional assistance." *Kimmelman v. Morrison,* 477 U.S. 365, 386 (1986).

**Application**

**A. Failure to move for suppression of evidence**

Petitioner first contends his trial counsel provided ineffective assistance by failing to seek the suppression of evidence.

Trial counsel explained his decision during testimony in a hearing held in petitioner's state post-conviction action, stating he decided against filing a suppression motion after his investigation. First, regarding the charges of criminal possession of a firearm and possession of methamphetamine, counsel stated petitioner had waived the right to challenge a search of his residence by accepting parole.[1] Next, concerning the charges of manufacturing, counsel determined that because petitioner denied ownership of the van involved, he lacked standing to challenge the search. Finally, counsel testified that even if petitioner acknowledged ownership of the van, the property inside it was abandoned, and petitioner's parole status operated as a waiver of a

---

[1]Transcript, Nov. 14, 2007, pp. 12, 199-24.

right to challenge the search.² Counsel testified he wrote a letter to petitioner explaining his research and conclusion and advising him that a motion to suppress would be futile, and that the letter was received into evidence at the 1507 hearing.³

Petitioner testified at the hearing that his counsel had found no law relevant to his defense but stated he personally had located persuasive authority through research in the prison law library. Petitioner did not identify the authorities or explain their relevance.⁴

In evaluating this claim, the Kansas Court of Appeals applied the appropriate legal standard, citing *Bledsoe v. State*, 150 P.3d 868 (Kan. 2007)⁵, and rejected petitioner's claim, stating "the evidence shows that [counsel] diligently pursued each of [petitioner's] requests but determined his requests lacked merit." 197 P.3d 905, 2008 WL 5428178, *4-5.

The record shows the Kansas appellate court identified the

---

²*Id*. at pp.22-24.

³
The letter (Doc. 13, Ex. 15) reflects police searched a 1992 Plymouth Voyager van after an officer saw petitioner driving it and gave chase. The officer located the van parked on the street with the engine running and no one in it. The officer saw the components for manufacturing methamphetamine in the cargo space of the van. Counsel notes in the letter that petitioner had claimed he did not own or use the van and that he was not driving it prior to the search. Counsel also points out that petitioner previously had been arrested by the same police officer and consented to a search of the same van, stating it was his.

⁴Transcript, pp. 40-41.

⁵
The *Bledsoe* decision incorporates the *Strickland* standard. 150 P.3d at 878.

7

correct legal standard and reasonably applied it to the facts established by the testimony of trial counsel. This court agrees the decision to forego a motion to suppress clearly was within the range of competent professional assistance and does not establish ineffective assistance of counsel.

**B. Failure to obtain transcript and seek subpoena**

Petitioner also claims trial counsel provided ineffective assistance by failing to obtain a transcript of the preliminary hearing and by failing to subpoena Christina Griffin to testify. Respondent contends these claims are procedurally defaulted due to petitioner's failure to present them to the state courts.

The doctrine of procedural default requires a petitioner to allow the state courts a full and fair opportunity to address constitutional claims before pursuing relief in federal court.

Under the doctrine, "[c]laims that are defaulted in state court on adequate and independent state procedural grounds will not be considered by a habeas court, unless the [applicant] can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Fairchild v. Workman,* 579 F.3d 1134, 1141 (10th Cir. 2009)(internal quotation marks omitted); *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). In order to establish cause, petitioner must show that "some objective factor external to the defense impeded [his] efforts to comply" with state law requirements. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Such factors include newly-discovered evidence, a change in the law, and interference by state officials. *Id*. To

show prejudice, a petitioner must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 at 750. In the alternative, petitioner's procedural default may be excused if he can satisfy the exception for a fundamental miscarriage of justice by showing "a constitutional violation has probably resulted in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004)(internal punctuation omitted).

The court has examined the state court records, including transcripts and appellate briefs from petitioner's state post-conviction action, and agrees the claims were defaulted.

Petitioner's claim concerning the failure of trial counsel to secure a copy of the preliminary hearing was not exhausted in the state courts. During the hearing in the 60-1507 action, trial counsel could not recall whether he requested transcripts from the preliminary hearings. He testified he had notes from the preliminary hearing conducted in the 2004 charges but did not represent petitioner at the preliminary hearing on the 2003 charges. However, counsel testified he interviewed both the parole officer who was present during the search of petitioner's home and the petitioner in preparing the case.[6]

Neither the 60-1507 motion nor the decision of the Kansas Court of Appeals specifically addresses a claim of ineffective assistance arising from the failure to obtain a transcript of the preliminary

---

[6]Transcript, pp. 26-27.

9

hearing.

Next, while petitioner's memorandum in support of his motion pursuant to 60-1507 states that Christina Griffin placed a firearm in his home unbeknownst to him[7] and includes Ms. Griffin among a list of witnesses, the petition reflects only that petitioner's counsel hearing did not call her as a witness during the preliminary hearing.

At the hearing on the 60-1507 action, petitioner's trial counsel testified he contacted another woman to determine whether her testimony would support an alibi defense but concluded she could not provide relevant information.[8] Trial counsel also testified he contacted and subpoenaed two other witnesses identified by petitioner but concluded they would not provide testimony favorable to the petitioner.[9] No testimony concerning Ms. Griffin was presented, nor is there any reference to her in the decision of the Kansas Court of Appeals.[10] The record does not reflect that petitioner presented a claim of ineffective assistance of counsel premised on the failure to call Ms. Griffin in the state courts.

---

[7] State records, Memo. in support of movant's motion for relief pursuant to K.S.A. 60-1507, pp. 19-20.

[8] Trans., pp. 13-14.

[9] Trans., pp. 15-16.

[10] In any event, however, the court's review of the state court records reveals that trial counsel requested the issuance of a subpoena to Ms. Griffin on December 10, 2005.

The court has considered the defaulted claims and finds no showing sufficient to establish either cause and prejudice or a fundamental miscarriage of justice. Petitioner has not overcome the procedural default of these claims, and this court will not address them on their merits.

**C. Ineffective assistance by post-conviction counsel**

Petitioner claims he received ineffective assistance from counsel appointed to represent him in state post-conviction matters. This claim is barred by 28 U.S.C. § 2254(i), a portion of the federal habeas corpus statute, which provides:

> The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.

**Conclusion**

For the reasons set forth, the court concludes petitioner is not entitled to habeas corpus relief. His claim that trial counsel provided ineffective assistance by failing to file a motion for suppression is denied on the merits, and the remaining claims concerning the performance of trial counsel are denied as procedurally defaulted. Petitioner's claim alleging ineffective assistance by post-conviction counsel is barred by statute and is denied.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED** this 5th day of May, 2010.

s/ J. Thomas Marten
J. THOMAS MARTEN
United States District Judge